```
DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiff
JAMIE SKINNER
```



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE SKINNER, an individual, | Case No. CV 12 3834 |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| GREEN TREE SERVICING LLC and DOES 1 through 20, inclusive, | |
| Defendants. | |



### INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote

---

VERIFIED COMPLAINT FOR DAMAGES                                      Page 1

the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. JAMIE SKINNER (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of GREEN TREE SERVICING LLC, (hereinafter "Defendant

---

[1] 15 U.S.C. 1692(a)-(e)

[2] Cal. Civ. Code 1788.1(a)-(b)

GTS"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES

9. Plaintiff is a natural person who resides in the County of Contra Costa, State of California and is obligated or

allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant GTS is a company operating from the City of St. Paul, State of Minnesota.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code §

1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

17. Before February 2, 2012, Plaintiff obtained a loan from Bank of America or its assignor for the purpose of purchasing a single family home which Plaintiff occupied with his family. As such, this loan was a purchase money mortgage and Plaintiff had no personal liability under California Code of Civil Procedure 580(b).

18. On February 2, 2012, Plaintiff's home was sold at trustee sale. Thereafter, GTS attempted to collect from Plaintiff approximately $102,000.00 on a debt which was not due.

19. Plaintiff, during a telephone conversation with a Corina with GTS told Defendant it was a purchase money loan, and they were not personally liable. Corina agreed, but told Plaintiff it would still affect their credit unless Plaintiff settled by paying an agreed amount. Plaintiff then received these subsequent calls from GTS:

> Saturday, April 14, 2012
> Received 3 phone calls in the morning. . . First was at 8:14 – I was in the shower! No message left! Second call was 9:15. Picked up and said Hello and the phone hung up on me! Third call was 9:15 and when I said Hello, I got a recording telling me to call them back at . . . phone number.
>
> Monday, April 16, 2012
> I got a call at 9:39 am. I received another phone call from a male (not sure of his name) he proceeded to tell me that he was from Green Tree and they are a debt collection agency. . . I interrupted him and said I had already spoke to someone and again that the house was foreclosed on and we had an all purchase money loan in the state of California. Told him not to call us anymore and that I had already stated that we were talking with our lawyer. He became very abrupt and said "Well thank you for commanding the conversation like that but we do not sit around and wait for you to contact us" . . .
>
> Wednesday, April 18, 2012
> Today I received a phone call from a male at 10:04 am, again he stated that he was from Green Tree and they are a collection agency attempting to collect a debt. I asked him if it showed any record that I had already talked to someone from the office. He said yes it shows that but you still owe $102,000. I told him as well about the foreclosure and he proceeded to bully me stating such things as: I stole this money from Countrywide and now they have a blank spot in their bank account while we are living free! He said how can you be an American and know that you are stealing this money. . . He proceeded to tell me "wouldn't it be nice for everyone to just say they have a lawyer and things will go away, but somebody, YOU still

need to pay your debt!" He then also told me, that I felt like I knew more than him and I was choosing the wrong decision to go up against BofA and that they will do everything in their power to come after us to get all their money back. He said they will contact my husband's employer to verify that he is still working and look into me if I am working because they can garnish our wages to pay back the debt. (By this point my heart is pounding and I can feel my blood pressure going thru the roof!) I felt many times that he attacked my character and ability to 'do the right thing'! He then stated that I am denying the offer to settle at a lower amount and that at this point BofA will do everything to get their money and after the phone hangs up I will no longer have the offer to settle at a lower payoff.

I subsequently called back and a lady that I was now talking to gave me his name "Garry Rose".

20. These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

21. Plaintiff is informed and believes, and thereon alleges, that before April 12, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant GTS for collection.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692b(6), 1692c(a)(2), 1692d, 1692e, 1692e(2), and 1692f of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

## COUNT II

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

29. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable

attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

### **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: June 29, 2012          Respectfully submitted,

DELTA LAW GROUP

BY: _____
JIM G. PRICE
Attorneys for Plaintiff
JAMIE SKINNER

**VERIFICATION**

I, JAMIE SKINNER, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 9 day of July, 2012, at Brentwood, California.

_____
JAMIE SKINNER